J-A18016-17

2017 PA Super 391

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS EDWARD SPERBER, JR. | |
| Appellant | No. 707 WDA 2016 |

Appeal from the Judgment of Sentence April 14, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002947-2015

BEFORE:  BOWES, J., LAZARUS, J., and OTT, J.

OPINION BY LAZARUS, J.:                    FILED DECEMBER 12, 2017

Thomas Edward Sperber, Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County.  Sperber was arrested and charged in March 2015 with eleven counts[1] of possession of child pornography[2] and criminal use of a communication facility.[3]  The charges were filed after Sperber's parole officer, from a prior case, found images of minor females on his smartphone.  After careful review, we affirm.

_____

[1] Counts 1-8 were graded as second-degree felonies and counts 9-11 were graded as third-degree felonies.

[2] 18 Pa.C.S. § 6312(d).

[3] 18 Pa.C.S. § 7512(a).

In an unrelated case, Sperber pled guilty in September 2001 ("prior case"/"prior sex offenses") to one count each of sexual abuse of children (relating to child pornography), criminal use of a communication facility, indecent exposure; two counts each of rape, sexual assault and indecent assault; and three counts each of involuntary deviate sexual intercourse (victim less than 16) and statutory sexual assault.  On January 17, 2002, the court sentenced Sperber to an aggregate term of eight to twenty years' imprisonment; he was also ordered to comply with the lifetime registration requirements pursuant to Megan's Law II, 42 Pa.C.S. §§ 9795.1(b) and 9795.2.  In February 2014, the court paroled Sperber on the prior sex offenses; he was paroled to his approved home where he was supervised by Pennsylvania State Parole Board Agent Thomas Wolfe.[4]

_____

[4] Sperber filed a direct appeal from his judgment of sentence in the prior case, claiming that the trial court erred in applying Megan's Law II where the punishment violated the ex post facto clause of the United States Constitution. See Commonwealth v. Sperber, 813 A.2d 909 (unpublished memorandum decision) (Pa. Super. filed September 11, 2002).  Our Court affirmed his judgment of sentence, relying on Commonwealth v. Fleming, 801 A.2d 1234 (Pa. Super. 2002), which held that the registration requirement was not punishment, and, therefore, could not constitute a violation of the ex post facto clause of the United States Constitution.  However, the Supreme Court vacated and remanded the case for resentencing based upon the holding of Commonwealth v. Williams, 832 A.2d 962 (Pa. 2003), which determined that the provision of Megan's Law II which allowed the Commonwealth to incarcerate a sexually violent predator who did not comply with the notification, registration, and counseling provisions was unconstitutional because it was manifestly in excess of what was needed to ensure compliance. Commonwealth v. Sperber, 849 A.2d 1134 (unpublished decision) (Pa. filed May 25, 2004).

On August 21, 2015, Sperber filed a motion to suppress in the instant case claiming that his initial detention and the subsequent search of his person, vehicle, and smart phone were illegal because the parole agents did not have reasonable suspicion to believe that they would discover evidence of a parole violation in his prior case. Sperber also argued that he never consented to the search of his vehicle or smart phone and that any alleged consent was the product of an unlawful investigatory detention.

At a suppression hearing, held on September 1, 2015, Agent Wolfe testified that he had been supervising sex offenders exclusively for seven years and that as conditions of his parole, Sperber expressly consented to warrantless searches of his person, property, and residence and acknowledged that any items in his possession that constituted a violation of his parole would be subject to seizure and used as evidence. N.T. Suppression Hearing, 9/1/15, at 3-4, 6. As a special condition of his parole in the prior case, Sperber expressly consented to parole staff having access to any computer or multimedia device in his possession, including cell phones, and also permitted parole supervision staff to search all programs and records maintained on any such devices. Id. at 7. Finally, as another condition of his probation, Sperber was prohibited from possessing a cell phone with internet capabilities.[5] Id. at 8.

_____

[5] It does not appear, however, that Sperber was precluded from accessing the internet on a computer; thus, the condition was not a complete ban on internet access. See infra n.8.

Wolfe testified that on August 27, 2014, his office received a call from the Pennsylvania State Police Megan's Law Division (the Division) that it had received an anonymous tip that Sperber had access to social networking sites on a smart phone. The Division gave Wolfe two associated internet user names connected to the social media sites. Id. at 9. Wolfe tried to ascertain the identity of the user names on several sites, but was unsuccessful because they were password-encrypted. Prior to receiving the anonymous tip, several sex offenders, who were in Sperber's sex offender treatment group and were being supervised by Agent Wolfe, had also informed Wolfe that Sperber possessed a smart phone. Id.

On the same day Wolfe received the anonymous tip from the Division, Sperber reported to the Pennsylvania State Parole Pittsburgh Office for a regularly scheduled visit with Wolfe. When he arrived, Wolfe questioned Sperber about the anonymous tip and reports about him possessing a smart phone and asked him to empty his pockets. Sperber did so, producing car keys and a regular (non-smart) cell phone. Wolfe asked Sperber if he was hiding anything in his car, to which he replied "no." Id. at 10. Wolfe then asked Sperber for permission to search his car, to which Sperber agreed. Id. Two other parole agents opened Sperber's car and confiscated an Android cell phone with internet capabilities. Id. at 11. Sperber's cell phone was password-protected; Sperber gave Wolfe the password at his request. Id. at 12-13. Wolfe entered the password which unlocked the phone, revealing images of young minor females. At that point, Wolfe filed a confiscation report

and turned the phone over to the Attorney General's Office for further investigation. Id. at 13.[6]

After the parties filed briefs on the matter, the trial court denied Sperber's suppression motion on October 19, 2015. Sperber proceeded to a non-jury trial before the Honorable Donna Jo McDaniel. Following trial, Sperber was found guilty of counts 2-12; count 1 was withdrawn. On April 14, 2016, the court sentenced Sperber on the pornography charges to five consecutive 5-10 year terms of incarceration, for an aggregate sentence of 25-50 years' imprisonment. No further penalty was imposed on the communication charge. Sperber filed no post-sentence motions.

Sperber filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents the following issue for our consideration:

> Did the trial court err by denying Mr. Sperber's motion to suppress evidence where the initial detention of Mr. Sperber along with the subsequent searches of his vehicle and smart phone, because they were not supported by reasonable suspicion, were illegal and conducted in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article One, Section Eight of the Pennsylvania Constitution?

Appellant's Brief, at 5.

> In an appeal from the denial of a motion to suppress, an appellate court's role is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. In

_____

[6] In the prior case, Sperber was recommitted to SCI Pittsburgh for "technical violations" for possessing a cellphone with internet capabilities. Motion to Suppress, 8/21/16, at ¶ h.

> making that determination, the appellate court may consider only the evidence of the prosecution's witnesses and so much of the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse only if there is an error in the legal conclusions drawn from those factual findings.

Commonwealth v. Griffin, 24 A.3d 1037, 1041 (Pa. Super. 2011) (quotation omitted).

It is well established that individuals under parole supervision have limited search and seizure rights. Commonwealth v. Chambers, 55 A.3d 1208 (Pa. Super. 2012). "In exchange for early release from prison, the parolee cedes away certain constitutional protections enjoyed by the populace in general." Commonwealth v. Edwards, 874 A.2d 1192, 1197 (Pa. Super. 2005) (citation omitted). Parolees agree to warrantless searches based only on reasonable suspicion. Commonwealth v. Colon, 31 A.3d 309 (Pa. Super. 2011). State parole agents are statutorily permitted to perform a personal search of an offender or his or her personal property if there is reasonable suspicion to believe "that the offender possesses contraband or other evidence of violations of conditions of supervision" or "that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." 61 Pa.C.S. § 6153(d)(1)(i), (2).

While the determination of whether reasonable suspicion exists is to be considered in light of the totality of the circumstances, Commonwealth v. Shabazz, 18 A.3d 1217 (Pa. Super. 2011), under section 6153(d)(6),

[t]he existence of reasonable suspicion to search shall be determined in accordance with constitutional search and seizure provisions as applied by judicial decision. In accordance with such case law, the following factors, where applicable, may be taken into account:

   (i)  The observations of agents.

   (ii)  Information provided by others.

   (iii)  The activities of the offender.

   (iv)  Information provided by the offender.

   (v)  The experience of agents with the offender.

   (vi)  The experience of agents in similar circumstances.

   (vii)  The prior criminal and supervisory history of the offender.

   (viii)  The need to verify compliance with the conditions of supervision.

61 Pa.C.S. § 6153(d)(6).

We find that, in light of the totality of the circumstances, the parole agents had reasonable suspicion to conduct the warrantless search of Sperber's person, car and smart phone. First, the police corroborated the anonymous tip with reports from several other parolees who were members of Sperber's sex offender group whom Agent Wolfe also supervised. These group members had informed Wolfe "through the months," prior to the tip, that Sperber possessed a smart phone. N.T Suppression Hearing, 9/1/15, at 9-10. In addition, Wolfe was familiar with Sperber's past history of viewing child pornography. Next, the scope of the search was within Wolfe's duty as a parole officer where conditions of Sperber's parole provided for warrantless searches of his person and property, and permitted parole agents access to

any cell phone or multimedia device he possessed. Finally, Wolfe testified that Sperber expressly consented to the search of his person and car.[7] Accordingly, we find no merit to Sperber's suppression claim on appeal; the trial court's factual findings are supported in the record and its legal conclusions are correct. Griffin, supra.[8]

_____

[7] We also find that there is no evidence in the record to suggest that Sperber was coerced to agree to the searches or that the parole visitation rose to the level of a custodial interrogation requiring more constitutional protections. Cf. Commonwealth v. Cooley, 118 A.3d 370 (Pa. 2014) (where parolee was restrained upon arrival at parole office, was accused of crimes for which he was not on parole, and no "interview" or dialogue related to conditions of parole or parole violations took place, parolee subject to custodial interrogation; failure to administer Miranda warnings violated Fifth Amendment rights resulting in vacation of conviction).

[8] We note that recently, in Packingham v. North Carolina, 137 S. Ct. 1730 (2017), the United States Supreme Court deemed unconstitutional a North Carolina statute that makes it a felony for a registered sex offender to gain access to a number of websites, including commonplace social media websites, "where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages." Id. at 1733. Recognizing that it was a case of first impression about "the relationship between the First Amendment and the modern Internet," the Court concluded that "[b]y prohibiting sex offenders from using those websites, North Carolina with one broad stroke bars access to what for many are the principal sources for knowing current events, checking ads for employment, speaking and listening in the modern public square, and otherwise exploring the vast realms of human thought and knowledge." Id. at 1737.

While Packingham may appear to be relevant to the case at hand, we note that the Packingham Court stated, "this opinion should not be interpreted as barring a State from enacting more specific laws than the one at issue." Id. However, because the judgment of sentence from which Sperber appeals is not the one that imposed the parole condition, it is not an appropriate challenge in this appeal. Rather, because the condition is attached to his 2002 sentence, it would be properly raised in a Post-Conviction

Judgment of sentence affirmed.

OTT, J., joins the opinion.

BOWES, J., files a concurring opinion.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/12/2017

_____

Relief Act (PCRA) petition, filed in that case, raising the proper PCRA timeliness exception.  Finally, even if we were to find the claim relevant to this appeal, it would be waived.  "[I]it is well-settled that in order for a new law to apply retroactively to a case pending on direct appeal, the issue had to be preserved in the trial court and at all subsequent stages of the adjudication up to and including the direct appeal."  Commonwealth v. Smith, 17 A.3d 873, 893-94 (Pa. 2011).  Here, Sperber never raised this issue at sentencing, in a post-sentence motion or even in this direct appeal.  Additionally, the issue involves the discretionary aspect of Sperber's sentence which he failed to preserve at sentencing or in a post-sentence motion.  See Commonwealth v. Yockey, 158 A.3d 1246 (Pa. Super. 2017) (where defendant convicted of corruption of minors and indecent assault, claim that sentence prohibiting defendant from having access to internet was illegal was waived where defendant did not challenge it at sentencing or in post-sentence motion); see also Pa.R.Crim.P. 720; Pa.R.A.P. 302(a).