J-A24016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAN SILVERMAN | : | |
| | : | |
| Appellant | : | No. 799 EDA 2018 |

Appeal from the Judgment of Sentence Entered February 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006099-2016

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 27, 2019**

Appellant, Jan Silverman, appeals from the February 2, 2018 Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his conviction of Possession of a Firearm Prohibited.[1] On appeal, Appellant challenges, *inter alia*, the denial of his Motion to Suppress. After careful review, we reverse and vacate the Judgment of Sentence.

We glean the following facts from the certified record. In 2013, Appellant was released on parole from a 2005 conviction for Aggravated Assault.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

Pursuant to 18 Pa.C.S. § 6105(b), because he had a prior aggravated assault conviction, Appellant was prohibited from possessing a firearm.[2]

On October 3, 2015, Parole Agent Jasmine Brunson received an anonymous tip *via* a community complaint hotline, from a woman reporting that Appellant possibly had a firearm in his residence. Agent Brunson discussed the call with her supervisor, who determined that Agent Brunson should conduct a search at Appellant's residence.

Based only on that anonymous tip, on October 5, 2015, parole agents, including Agent Brunson, conducted a search of Appellant's residence. The agents found a firearm in his bedroom nightstand. Appellant was subsequently charged with Possession of a Firearm Prohibited.

Appellant filed a Motion to Suppress, contending that the October 5, 2015 search was illegal. A suppression hearing was held on September 1, 2017, and October 2, 2017,[3] in which Agent Brunson testified.

The court denied the Motion to Suppress and the matter proceeded to a stipulated trial. The court found Appellant guilty of Possession of a Firearm

---

[2] In addition, as a condition of parole, he could not own or possess any firearms.

[3] On September 1, 2017, the court continued the hearing to October 2, 2017, because Agent Brunson informed the court that she had written notes about the anonymous tip, but had not brought them with her to court. The court stopped the hearing, and told Agent Brunson to "[g]o back, get your notes, get yourself prepared . . . and do this motion properly." N.T. Suppression Hearing, 9/1/17, at 30.

Prohibited, and requested a pre-sentence report and mental health assessment. On February 2, 2018, the court sentenced him to five to ten years of imprisonment. Appellant filed a Post-Sentence Motion, which the trial court denied.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Where [p]arole [a]gents did not have the requisite reasonable suspicion to search Appellant's home, which was based on an anonymous "community complaint," and did not demonstrate the basis of the knowledge of the tipster, did the lower Court err in not suppressing the evidence in this case?

2. Where the sentence of the lower [c]ourt was excessive under the circumstances of the case, provided an inadequate statement of reasons for imposing sentence, and violated sentencing norms, should the lower [c]ourt's sentence be vacated?

3. Where the [c]ourt below failed to give Appellant credit for the time spent in jail before the sentence was imposed, was this an error of law?

Appellant's Br. at 3.

In his first argument, Appellant asserts that the trial court erred in denying his Motion to Suppress because parole agents lacked reasonable suspicion to search his residence. **Id.** at 13-18.

When we evaluate a court order denying a suppression motion, "we consider the factual findings of the suppression court and whether they are supported by record evidence." **Commonwealth v. Coleman**, 130 A.3d 38,

42 (Pa. Super. 2015) (citation omitted). We may not consider evidence outside the suppression hearing record. *In re L.J.*, 79 A.3d 1073, 1075 (Pa. 2013). "We consider only the evidence of the Commonwealth's witnesses and testimony of the defendant's witnesses that are not contradicted by the suppression record." *Coleman*, 130 A.3d at 42 (citation omitted). Where the evidence supports the suppression court's factual findings, we are bound by them and will reverse only where the legal conclusions are erroneous. *Commonwealth v. Thran*, 185 A.3d 1041, 1043 (Pa. Super. 2018). "[W]e are not bound by the legal determinations of the suppression court." *Coleman*, *supra*, at 42.

A parolee has limited Fourth Amendment rights. 61 Pa.C.S. § 6153; *Commonwealth v. Moore*, 805 A.2d 616, 620 (Pa. Super. 2002). "In exchange for early release from prison, [a] parolee cedes away certain constitutional protections[.]" *Commonwealth v. Sperber*, 177 A.3d 212, 215 (Pa. Super. 2017) (citation omitted). Nonetheless, a parolee still has "limited constitutional protections" related to warrantless searches. *Coleman*, 130 A.3d at 42. Thus, "[p]arole officers may perform a search of a parolee's residence only where the totality of the circumstances demonstrates reasonable suspicion that evidence of contraband or a violation of parole will be discovered." *Id.* (citing 61 Pa.C.S. § 6153).[4]

_____

[4] The following factors may be taken into account when determining the existence of reasonable suspicion: (i) the observations of agents; (ii)

- 4 -

Our Supreme Court has concluded that an anonymous tip alone is unreliable and "insufficient to establish a reasonable suspicion of criminal activity." **Commonwealth v. Wimbush**, 750 A.2d 807, 811 (Pa. 2000) (citations omitted). In order for an anonymous tip to give rise to a reasonable suspicion that a parole violation has occurred, it must be of sufficient quality that it may be found reliable. **Coleman**, **supra** at 47. To be of sufficient quality, an anonymous tip must provide "something more"—an independent reason to believe that a suspect is involved in criminal activity, such as inside information—a specific familiarity with the suspect's affairs, including "future actions of third persons ordinarily not easily predicted." **Wimbush**, **supra** at 812. In other words, there must be corroboration of criminal activity, or "corroboration of predictive aspects of the [anonymous] tip." **Id.** at 813.

Examples where courts have found anonymous tips to support reasonable suspicion include **Alabama v. White**, 496 U.S. 325, 331-32 (1990), where police corroborated the tip's highly detailed inside information about the suspect's not-easily-predicted future actions, including the specific time the suspect would eventually leave a specific apartment in a specific vehicle and travel to a specific motel with cocaine.[5] In **Commonwealth v.**

---

information provided by others; (iii) the activities of the offender; (iv) information provided by the offender; (v) the experience of agents with the offender; (vi) the experience of agents in similar circumstances; (vii) the prior criminal and supervisory history of the offender; and (viii) the need to verify compliance with the conditions of supervision. 61 Pa.C.S. § 6153(d).

[5] The U.S. Supreme Court noted that **Alabama v. White** was a "close case." 496 U.S. at 332.

***Sperber***, 177 A.3d 212, 215-16 (Pa. Super. 2017), an anonymous tip was corroborated with reports of similar information from named informants, and thus, the Court concluded that the tip did not need to provide predictive information.

Courts have found anonymous tips unreliable where the tip is lacking corroboration that criminal activity is or will be afoot. For example, in ***Wimbush***, the Court concluded an anonymous tip that a man "Tony" possessed drugs and was driving a white van with a specific license plate on a certain road did not give rise to a reasonable suspicion of criminal activity even though a police check of license plate number revealed a van registered to "Anthony." 750 A.2d at 809. Our Supreme Court distinguished the case from ***Alabama v. White***, explaining that the tip in ***Wimbush*** provided facts existing at the time of the call, not inside information of the suspect's future actions. ***Id.*** at 813-14.

Similarly, in ***Commonwealth v. White***,[6] our Supreme Court held that an anonymous tip about possible drug activity at a specific residence and that also described the suspect as a black male wearing a white shirt and shorts riding a girl's black bicycle, did not give rise to a reasonable suspicion because the tip did not provide insider information related to the criminal activity. ***Id.*** at 810, 812-13.

---

[6] Our Supreme Court consolidated two cases, ***Commonwealth v. Wimbush***, and ***Commonwealth v. White***. 750 A.2d 807.

In **Coleman**, this Court held that an anonymous tip that the appellant was one of the largest drug sellers in the area and had a driving suspension, the latter detail having been verified, was unreliable because the tip did not specifically articulate facts that the appellant was engaged in criminal activity. 130 A.3d at 46-47.

Here, the Commonwealth concedes that the trial court erred in denying Appellant's suppression motion. Commonwealth's Br. at 7. Based on our review of the record and applicable case law, we agree.

In its 1925(a) Opinion, the trial court concluded that the anonymous tip was reliable because Agent Brunson had determined that the anonymous caller was the mother of Appellant's ex-girlfriend, and the information was specific enough to give Agent Brunson a reasonable suspicion that Appellant was violating the terms of his parole. Trial Ct. Op., filed 11/8/18, at 6.

The suppression record, however, does not support the trial court's determination. At the suppression hearing, Agent Brunson discussed the anonymous tip she received on October 3, 2015. She stated that the anonymous caller reported that "[Appellant] possibly had a firearm in his residence," and that she learned this information from her daughter, who knew Appellant. N.T. Suppression Hearing, 9/1/17, at 18. Agent Brunson testified that the caller did not provide her name nor her daughter's name,[7]

_____

[7] Contrary to the trial court's 1925(a) Opinion, Agent Brunson was unaware of the identity of the anonymous caller on October 3, 2015. The identity of the

but she did provide Appellant's name and address. Agent Brunson acknowledged that the anonymous phone call was the only information she had received about Appellant's possible possession of a firearm. Because she was concerned about the possible firearm possession based on her knowledge of Appellant's criminal history, she discussed the call with her supervisor. Her supervisor advised her to conduct a search of Appellant's residence.

The anonymous tip Agent Brunson received on October 3, 2015, alone falls short of providing a "reasonable suspicion" to believe that Appellant may have been involved in criminal activity. ***See Wimbush***, ***supra*** at 812; ***Coleman***, ***supra*** at 46-47. The parole agents did not have specific or articulable insider information about Appellant's "future actions . . . ordinarily not easily predicted" to give rise to a reasonable suspicion that Appellant possibly had a firearm in his residence. ***See Wimbush***, ***supra*** at 812. Additionally, agents had no corroborating information that Appellant may have been involved in criminal activity from known individuals. The search was based on an unreliable bare bones assertion. Thus, the search violated Appellant's Fourth Amendment rights, and the court's legal conclusion was erroneous. Accordingly, the judgment of sentence must be reversed.[8]

---

caller was revealed only when discussing bail after the trial court denied the Motion to Suppress—approximately two years after the anonymous call. N.T. Suppressing Hearing, 10/2/17, at 26.

[8] Because this issue is dispositive, we need not address Appellant's remaining issues in this appeal.

Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/19