J-A09033-20

2020 PA Super 147

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDMUND STARR, | : | |
| | : | |
| Appellant | : | No. 748 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 28, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012082-2013

BEFORE:   SHOGAN, J., MURRAY, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:                   FILED JUNE 23, 2020

Edmund Starr (Appellant), appeals nunc pro tunc from his November 28, 2016 judgment of sentence, which the trial court imposed after revoking Appellant's probation.  We affirm.

In a prior memorandum, we provided an overview of the relevant facts and procedural history.

> On February 20, 2014, Appellant entered a negotiated guilty plea to unlawful contact with a minor, statutory sexual assault, corruption of minors, indecent assault with a person less than 16 years old, and selling or furnishing alcohol to a minor, in connection with Appellant's inappropriate conduct with his wife's 15-year-old sister. The court sentenced him on March 3, 2014, to the negotiated aggregate term of 8 to 16 months' imprisonment, plus 10 years' probation. The terms of Appellant's probation included special conditions, including a condition restricting his internet access. [As part of his plea, Appellant signed a form specifically acknowledging that he would be bound

*Retired Senior Judge assigned to the Superior Court.

by the special conditions while on probation. He also verbally acknowledged the special conditions on the record[1]].

While on probation, Appellant committed numerous technical violations, including repeated violations of the internet restriction. On November 28, 2016, the court held a revocation hearing, revoked Appellant's probation, and resentenced him to an aggregate term of 2 to 6 years' imprisonment, plus 6 years' probation, with the same [] internet access restriction.

_____

[1] Appellant was sentenced through Allegheny County's Sex Offender Court ("SOC"), a specialty court

to which all cases with charges subject to the Sex Offender Registration Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41 ("SORNA") are assigned. Defendants sentenced in SOC [] are supervised by a specialized unit of probation officers, participate in a mental health treatment protocol designed for sex offenders and are subject to regular review hearings. Review hearings are held before the sentencing judge and supervision conditions may be reconsidered as appropriate at those hearings.

Trial Court Opinion, 7/19/2019, at 1 n.1.

The probation condition at issue in this case states that Appellant "shall not possess or use a computer with access to any 'online computer service,' or any other electronic device that allows internet connections and/or access at any location (including employment) without the prior written approval of the probation/parole officer. This includes any internet services provided, bulletin board system[,] or any other public or private computer network." Appellant's Brief at Ex. B (Charge Specific Special Conditions, undated). We note that although Appellant's two sentencing orders and original guilty plea colloquy reference charge specific conditions, the charge specific conditions themselves do not appear in the certified record. Although we ordinarily do not consider documents outside of the record, because none of the parties dispute that the conditions attached to Appellant's brief are the ones that he signed, and because this appeal asks us to decide whether the condition should have been imposed, not whether it existed, we assume for the purposes of this memorandum that Exhibit B is a true and correct copy of the conditions Appellant signed before pleading guilty and the conditions re-imposed after his probation was revoked.

Appellant initially filed a timely direct appeal on December 27, 2016[, but later discontinued it voluntarily].. On December 12, 2017, Appellant filed a counseled petition pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.[] §§ 9541-9546, seeking to reinstate his post-sentence motion rights nunc pro tunc. [] In the PCRA petition, Appellant claimed he wanted to challenge the condition of his probation restricting his internet access. The Commonwealth did not oppose Appellant's request. Thus, the court entered an order on January 16, 2018, restoring Appellant's post-sentence motion and attendant rights nunc pro tunc.

On January 22, 2018, Appellant timely filed a post-sentence motion nunc pro tunc, which the court denied that day. Appellant filed a counseled notice of appeal []on February 20, 2018.

Commonwealth v. Starr, 209 A.3d 541 (Pa. Super. 2019) (unpublished memorandum at 1). On January 30, 2019, this Court dismissed Appellant's appeal because it had been untimely filed. Id.

On February 14, 2019, Appellant filed a second PCRA petition and sought to restore his appellate rights based upon counsel's ineffectiveness in filing a late notice of appeal. The trial court granted his petition on April 24, 2019, and appointed new counsel to represent Appellant. Appellant filed timely a notice of appeal, and Appellant's appeal is now properly before us.[2]

In this appeal, Appellant raises the following four issues.

I. Whether the trial court abused its discretion when it imposed an internet restriction as a special condition of Appellant's probation revocation sentence when there exists no nexus between the crimes charged and access to the internet.

_____

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

II. Whether the underlying record is sufficient to support the imposition of an internet restriction as a special condition of Appellant's revocation sentence when there was no showing by the Commonwealth that the special condition was reasonably tailored to Appellant's unique rehabilitation needs and no consideration was given to principles of individualized sentencing.

III. Whether the special condition of Appellant's probation[,] which requires that "[Appellant] shall not possess or use a computer with access to any" online computer service," or any other electronic device that allows internet connections and/or access at any location (including employment) without the prior written approval of the probation/parole officer…[,]" is effectively a blanket internet ban, which is constitutionally overbroad and in violation of [Appellant's] rights under the First Amendment of the United States Constitution and Article 1, Section 7 of the Pennsylvania Constitution.

IV. Whether the sentence imposed for a violation of a special condition of probation should be vacated when the special condition found to be violated was an internet restriction[,] which was improperly imposed.

Appellant's Brief at 6-7 (answers omitted).

"[I]n reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." Commonwealth v. Kuykendall, 2 A.3d 559, 563 (Pa. Super. 2010).

Challenge to Discretionary Aspects of Sentence

We begin by reviewing Appellant's challenges to the discretionary aspects of his sentence presented in issues one and two. "An appellant wishing to appeal the discretionary aspects of a probation-revocation

- 4 -

sentence has no absolute right to do so but, rather, must petition this Court for permission to do so." Commonwealth v. Kalichak, 943 A.2d 285, 289 (Pa. Super. 2008). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code. Commonwealth v. Swope, 123 A.3d 333, 338 (Pa. Super. 2015).

Instantly, Appellant has satisfied the first three requirements by timely filing a post-sentence motion challenging the restrictiveness and reasonableness of the sentence nunc pro tunc, timely filing a notice of appeal nunc pro tunc, and including a Rule 2119(f) concise statement in his brief. Thus, we examine whether Appellant has presented a substantial question for our review.

In his Rule 2119(f) statement, Appellant asserts that the imposition of a broad internet restriction as a condition of his probation violates 42 Pa.C.S.

§ 9754,[3] insomuch as the trial court failed to consider the nature and elements of the underlying crime, Appellant's unique rehabilitative needs, and whether the sentence helps facilitate his rehabilitation. Appellant's Brief at 20-21. This presents a substantial question for our review. See Commonwealth v. Houtz, 982 A.2d 537, 539 (Pa. Super. 2009).

Before we delve into Appellant's arguments, we note what Appellant is not challenging in this appeal. Appellant does not challenge the trial court's decision to sentence him to prison, or the length of his prison or probation sentence. He solely challenges the trial court's discretion in sentencing him

_____

[3] Section 9754 was amended in 2019. However, the version in effect at the time of Appellant's sentencing provided as follows.

> (a) General rule. In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

> (b) Conditions generally. The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

42 Pa.C.S. § 9754(a), (b) (effective to December 17, 2019).

Subsection 9754(c) set forth specific conditions the court may order the defendant to follow, plus a catch-all general condition permitting the court to order the defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." Id. at § 9754(c).

to a probation sentence that includes a condition restricting his ability to use the internet and computer devices that connect to the internet.

Appellant's argument is two-fold. First, he argues that the imposition of a broad internet restriction was an abuse of the trial court's discretion, because there is no nexus between the internet and Appellant's crimes for which he was serving probation (unlawful contact with a minor and statutory sexual assault). Appellant's Brief at 21-22 (citing Houtz, 982 A.2d at 540 (holding that a broad internet restriction without a nexus to the crime is punitive, unduly restrictive, and incompatible with freedom of conscience)). Appellant contends the trial court abused its discretion in imposing an internet ban that substantially impairs Appellant's ability to function in modern society without having any relation to his crimes. Appellant's Brief at 23-24.

Appellant's second related argument is that the internet restriction is not tailored to meet Appellant's particular rehabilitative needs, and asserts that the Commonwealth did not introduce any evidence regarding the need for an internet ban for Appellant. Appellant's Brief at 25-26. Appellant argues that the ban is a "one-size-fits-all" approach to sentencing individuals who committed sex crimes, which is imposed upon individuals who participate in SOC in contravention of section 9754 without regard to individual rehabilitative needs. Id. He emphasizes that the ban restricts

more activity than is necessary to protect society from misconduct on the internet and prevents Appellant from engaging with the modern world. *Id.*

We review Appellant's challenge to the discretionary aspects of his sentence following the revocation of his probation using the following standard.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

> This Court has stated the following regarding a condition of probation.

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life. Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them.

*Houtz*, 982 A.2d at 539-40 (citations omitted). If a condition of probation is not followed, subsection 9771(b) grants the court the authority to "revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S. § 9771(b). Upon revocation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing," *id.*, although the court's ability "to order total

confinement following a violation of probation is statutorily circumscribed" by subsection 9771(c). Commonwealth v. Mazzetti, 44 A.3d 58, 64 (Pa. 2012).

In the instant case, the trial court explained that the originally-imposed condition[4]

> was known to and agreed upon by Appellant before [he entered into a guilty] plea [in 2014], was based on expert advice for rehabilitation and supervision of sex offenders in the community[,] and was subject to revision at regular review hearings based on individual needs and progress. The subsequent imposition of that condition at his resentencing [in 2016] was more than justified based upon Appellant's conduct during supervision.

Trial Court Opinion, 7/19/2019, at 6.

Specifically, in 2014, within 48 hours of his release from prison on parole, Appellant obtained a "smartphone and used it to access the internet in order to solicit women on Craigslist, exchange nude photos of himself[,] and view various pornographic websites." Id. at 4. Probation was

_____

[4] The trial court contended that through this appeal, because the conditions are identical, Appellant really is challenging the original condition set forth in the 2014 sentencing order, and therefore he has waived his issues by failing to challenge that order in a timely fashion. Trial Court Opinion, 7/19/2019, at 5.

We disagree. When a court revokes probation, it does not reinstate the old sentence. Instead, it imposes a new sentence, and the defendant may challenge the discretionary aspects of the new sentence. Kalichak, 943 A.2d at 289. Appellant's arguments center around his contention that the trial court abused its discretion in imposing the condition through the 2016 re-sentencing order, not the original order. See Appellant's Brief at 23 n.12; Appellant's Reply Brief at 3.

concerned with the speed in which Appellant violated his probation condition. N.T., 12/1/2014, at 6-7. As the trial court put it, "[why] in the world would [Appellant] stand before [this court] under oath, plead guilty to those offenses[,] and two days after [Appellant was] paroled be online trolling for underage girls?" Id. at 8. Appellant admitted that he was on Craigslist, Facebook, Tinder, and FetLife, but denied that he was searching for an underage female. Id. at 8, 13. He also claimed he did not know the internet restriction applied to him, despite acknowledging in writing that it did before entering into his guilty plea. Id. at 3, 5, 10-11. Appellant promised to abide by his probation conditions in the future. Id. at The trial court set a review for 30 days, and told Appellant to come up with a home plan and find employment.

In 2015, Appellant was detained after being caught with a smartphone and computer tablet in violation of his probation conditions. Appellant gave his probation officer an invalid password for the phone, but the probation office was able to examine the tablet and saw that pornographic websites had been accessed through the internet web browser. At the April 4, 2016 Gagnon II[5] hearing, Appellant complained about the cell phone restriction,

_____

[5] See Gagnon v. Scarpelli, 411 U.S. 778 (1973); see also Commonwealth v. Ferguson, 761 A.2d 613 (Pa. Super. 2000) (explaining when probationer is detained based on an alleged probation violation, due process requires a Gagnon I hearing to determine whether there is probable cause that probationer committed violation, followed by a second
(Footnote Continued Next Page)

- 10 -

but eventually stated that he understood why he could not have the device. N.T., 4/4/2016, at 6. He acknowledged it was his second violation with an internet device and that "a cell phone has been a problem for [him]." Id. at 6, 8. The trial court permitted Appellant to reside at the Remnant House on the condition that he attend outpatient sex offender and mental health treatment and not possess a cell phone with internet access. See generally id.

In 2016, Appellant was detained again. This time, his probation officer alleged that while Appellant was residing at the Remnant House, Appellant hid a smartphone at the pizza shop where he worked. When he was confronted by Remnant House staff, he tried to break the phone and erase its data, then grabbed the wrist of a staff member who tried to take the phone from him. During the Gagnon II hearing on November 28, 2016, Appellant did not deny this conduct, but instead stated, through his counsel, that he did not abide by the internet-restriction condition because "he felt that [it] did not apply to him because his charges did not include use of the internet or a phone." N.T., 11/28/2016, at 2-3.

Probation reviewed Appellant's two-year history of noncompliance with the terms of his probation, including multiple violations of the internet-restriction condition, as well as a failure to remain in-state and reside with

(Footnote Continued) ———————————

more comprehensive Gagnon II hearing wherein trial court determines whether to revoke probationer's probation).

his mother, and two failed programs. Id. at 5-11. As the trial court explained in its Rule 1925(a) opinion, the "continued lack of compliance on the part of Appellant made it clear to [the trial] court that Appellant had not benefited from sex offender supervision, including but not limited to specialized mental health treatment, and was either unable or unwilling to act in a manner that would not place the community in danger." Trial Court Opinion, 7/19/2019, at 5.

Essentially, what Appellant is asking this Court to do is to override the discretion of the trial court to re-impose a sentence with a condition of probation that mirrors the one he originally agreed to abide by in exchange for a guilty plea. Because his original sentence was negotiated through his guilty plea, Appellant could not have challenged the discretionary aspects of his sentence at the outset. Commonwealth v. Dalberto, 648 A.2d 16, 21 (Pa. Super. 1994). Now, after failing to abide by it repeatedly, Appellant is challenging the trial court's discretion to impose it. Like a defendant who seeks to challenge an agreed-upon sentence as part of the original direct appeal, challenging the discretion of the trial court to re-impose the same condition as part of a probation revocation proceeding would permit a defendant another bite at the proverbial apple after the defendant failed to hold up his or her end of the bargain. Accord id. ("[I]n a 'negotiated' plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process

for courts to allow defendants to [] challenge their sentence [later]; this would, in effect, give defendants a second bite at the sentencing process.").

In arguing that the internet restriction does not have a nexus to his crimes and was imposed without regard to his individual rehabilitative needs, Appellant relies heavily upon Houtz. In that case, Houtz engaged in oral intercourse with a fifteen-year-old child, and was convicted of corruption of a minor and indecent assault. 982 A.2d at 537-38. Despite the lack of evidence that the sexual offense "was facilitated by or incorporated the use of a computer/[i]nternet," as a condition of her probation, Houtz was not permitted to possess or have access to a computer, or "use or have access to use of the internet." Id. at 538, 540.

The restrictions on internet use in this case, while broad, are less so than the restrictions in Houtz. Houtz was not permitted to own or access a computer or use the internet at all. Appellant, on the other hand, was permitted to use a computer as long as it did not allow a connection to the internet. Unlike the complete ban in Houtz, Appellant was permitted to access a computer or the internet, provided that he first obtained the written approval of his probation officer.

Moreover, at this juncture, Appellant's situation is different from Houtz. Houtz appealed directly from her original sentence, with no evidence in the record that a complete ban on accessing a computer or using the internet would serve her particular rehabilitative needs. Appellant, on

the other hand, is appealing from his sentence imposed after his probation for sex crimes was revoked for, inter alia, using the internet for a sexual purpose. While Appellant contends that his original crimes standing alone did not have a connection to internet use and the Commonwealth did not introduce evidence to support an internet ban, he did not challenge the restriction on his internet use at that time. In fact, he entered into a negotiated guilty plea whereupon he agreed to serve 10 years' probation with terms that included the specific internet-restriction condition at issue.

That sentence has long since been final, and the question of whether the trial court abused its discretion by imposing an internet restriction as a condition of probation solely based on the crimes of unlawful contact and statutory sexual assault is not before us. What is before us is whether the trial court abused its discretion by imposing an internet restriction as a condition of probation after Appellant violated his probation. In other words, unlike *Houtz*, the trial court did not impose the internet restriction on the trial record alone.

The record reveals that while Appellant was on probation for sex-related crimes, Appellant repeatedly obtained smartphones and other internet-accessing devices, used them to pursue his sexual interests, and then tried to hide or made excuses for his actions. Appellant's probation was revoked by the Honorable Jill Rangos, the same trial judge who imposed Appellant's original sentence, and who reviewed Appellant's case periodically

over the course of the two years following his release from incarceration. Notwithstanding the fact that the conditions are imposed as part of special conditions applicable to all defendants sentenced to probation in SOC, after reviewing the record, we conclude that Judge Rangos imposed the condition as part of an individualized assessment that it would best serve the aims of rehabilitation and deterring criminal activity in Appellant's specific case for the restriction to be in effect following another stint of incarceration. Thus, we discern no abuse of discretion.

Challenge to Constitutionality of Sentence

In his third issue, Appellant argues that the internet-restriction probation condition is a constitutionally overbroad blanket internet ban in violation of Appellant's rights under the First Amendment of the United States Constitution and Article 1, Section 7 of the Pennsylvania Constitution. Appellant's Brief at 15-20. He relies upon Packingham v. North Carolina, ___ U.S. ___, 137 S.Ct. 1730 (2017), which declared unconstitutional a North Carolina statute that banned registered sex offenders from accessing commercial social networking websites because it imposed an unprecedented and overly broad burden on free speech, and states may not enact a complete bar to the exercise of First Amendment rights. Id. Appellant argues that based upon Packingham, the probation condition is unconstitutional. Id.

Appellant raises this claim for the first time on appeal. Therefore, before we may examine the substance of Appellant's claim, we must determine whether his claim that the condition of probation infringes upon his free speech rights is a challenge to the legality of the sentence, or the discretionary aspects of his sentence. This distinction matters because a challenge to the legality of the sentence cannot be waived, but a challenge to the discretionary aspects can. Commonwealth v. Archer, 722 A.2d 203, 209 (Pa. Super. 1998) (en banc). The Commonwealth argues that Appellant's third issue involves the discretionary aspects of a sentence, and Appellant waived such a challenge by failing to preserve the issue in his post-sentence motion or at sentencing. Commonwealth Brief, at 4-6. In his reply brief, Appellant responds that his challenge was preserved in spirit by Appellant's post-sentence motion, and even if it were not, it constitutes a non-waivable legality of sentence issue. Appellant's Reply Brief at 1-3.

We agree with the Commonwealth that the argument presented in the post-sentence motion did not invoke a constitutional challenge; there was no reference to the United States or Pennsylvania constitutions, or freedom of speech even in a general way. See generally Post-Sentence Motion, 1/22/2018. Therefore, for us to be able to address it here, Appellant's claim has to go to the legality of the sentence, as any discretionary-aspects-of-sentencing claim was waived by not presenting it in the post-sentence motion or at sentencing. Pa.R.Crim.P. 720; Pa.R.A.P. 302(a) ("Issues not

raised in the lower court are waived and cannot be raised for the first time on appeal.").

A sentence is illegal for issue preservation purposes if the trial court exceeds its statutory authority in imposing it. Archer, 722 A.2d at 209. Without the requisite authority, the trial court does not have jurisdiction to impose the sentence, resulting in an illegal sentence. Id. The legality of a sentence is distinct from a legal question about a sentence or a statute; whether a trial court erred poses a legal question, but not every error renders a sentence illegal. Id.

> There is no bright line rule establishing whether a challenge to a sentence, constitutional or otherwise, implicates the legal or discretionary aspects of that sentence. See Commonwealth v. Spruill, [] 80 A.3d 453, 460-461 ([Pa.] 2013) (noting the Supreme Court's "experience with claims allegedly implicating sentence legality has not always been smooth" and noting the complexities involved in the issue). However, this Court has stated that "the term 'illegal sentence' is a term of art that our courts apply narrowly, to a relatively small class of cases." Commonwealth v. Robinson, 931 A.2d 15, 21 (Pa. Super. 2007) [(en banc)].
>
> "Legality of sentence issues occur generally either: (1) when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameter set forth by the General Assembly." [Commonwealth v.] Schutzues, 54 A.3d [86,] 92 [(Pa. Super. 2012)] (quoting Commonwealth v. Foster, [] 17 A.3d 332, 342 ([Pa.] 2011)). Most other challenges implicate the discretionary aspects of a sentence, "even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension." Robinson, 931 A.2d at 21 [].

Commonwealth v. Succi, 173 A.3d 269, 284-85 (Pa. Super. 2017).

Generally, this Court has held that a challenge to the way that a trial court fashions a condition of probation involves a matter under the trial court's jurisdiction under the Sentencing Code, 42 Pa.C.S. § 9754(b), and generally constitutes a challenge to the discretionary aspects of a sentence rather than to its legality. See Houtz, 982 A.2d at 538 (stating issue regarding court's imposition of internet restriction as condition of probation "challenges the discretionary aspects of sentencing, not the legality of the sentence imposed"); Commonwealth v. Yockey, 158 A.3d 1246 (Pa. Super. 2017) (holding Yockey's claim that imposition of probation condition prohibiting him from accessing the internet did not relate to his rehabilitation was a challenge to the discretionary aspects of his sentence, not the legality of the sentence). Conversely, where the challenge involves a question of whether a trial court exceeded its legal authority under a statute to order a probation condition, our Supreme Court has classified the challenge as a legality of sentence issue. Commonwealth v. Wilson, 11 A.3d 519, 524-25 (en banc) (OAJC) (holding claim that trial court did not have legal authority to order probation condition subjecting probationer to random warrantless residence searches because 61 P.S. § 331.27(b)(7) requires probation officers to have reasonable suspicion is a non-waivable legality of sentence issue), vacated in part on other grounds, 67 A.3d 736, 743 n.8 (Pa. 2013) (declining to offer a view on legality of sentence versus

discretionary aspects issue because Commonwealth did not renew argument before the Supreme Court).

Here, Appellant is arguing that the trial court, in ordering a probation condition pursuant to section 9754, fashioned a condition that infringes upon his constitutional right to free speech. While this issue involves a legal question of whether the trial court abused its discretion in fashioning an overbroad condition that runs afoul of constitutional rights, it does not present a legality-of-sentence issue involving the trial court's imposition of a sentence that exceeds its statutory authority. It was not mandatorily imposed pursuant to a statute; instead, it was imposed at the trial court's discretion. Therefore, this issue involves a discretionary-aspects-of-sentencing issue that has been waived by Appellant's failure to preserve it.[6]

We recognize that the restriction imposed in this case significantly affects Appellant's ability to participate in modern society. However, for the reasons discussed supra, we discern no abuse of discretion in the trial

_____

[6] Even if Appellant were to have preserved the claim, his sole reliance on Packingham would not necessarily warrant him relief. The statute at issue in Packingham constituted an automatic and effectively complete restriction of internet access that applied to all convicted sex offenders, even if they had completed serving their sentence. This differs from Appellant's situation, insomuch as he is subject to probation supervision that is reviewed regularly in the SOC, and he could obtain the permission of his probation officer to access the internet. See Commonwealth v. Sperber, 177 A.3d 212, 220-21 (Pa. Super. 2017) (Bowes, J., concurring) (suggesting that Packingham may not apply to a condition of probation restricting internet access).

court's imposition of the condition upon Appellant's probation revocation, and Appellant has failed to preserve a constitutional challenge to the condition.[7]  Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/23/2020

_____

[7] In his fourth issue, Appellant argues that because the trial court erred by imposing a sentence containing the internet restriction that was illegal and an abuse of discretion, his entire sentence should be vacated.  Appellant's Brief at 17.  As Appellant's fourth issue is derivative of his other issues, based on our disposition, we do not reach this issue.