J-S20012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN SIMS | : | |
| | : | |
| Appellant | : | No. 1166 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 31, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011886-2018

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: AUGUST 2, 2022**

Appellant Devin Sims appeals from the judgment of sentence entered following the revocation of his probation.  Appellant challenges the discretionary aspects of his sentence and contends that the trial court failed to consider relevant sentencing factors required by 42 Pa.C.S. § §9721(b).  We affirm.

The record reflects that on May 14, 2019, Appellant entered guilty pleas to one count each of strangulation, terroristic threats, and simple assault in the instant case at trial court docket CP-02-CR-0011886-2018 (11886-2018).[1] N.T., 4/14/19, at 9.  The trial court sentenced Appellant to two years of probation at each count, and the trial court ordered the sentences to run

---

[1] 18 Pa.C.S. §§ 2718(a)(1), 2706(a)(1), and 2701(a)(1), respectively.

concurrently. *Id.* at 10-11. While on probation, Appellant was charged and convicted of defiant trespass and criminal mischief at trial court docket CP-02-CR-0002343-2020 (2343-2020).[2] N.T., 9/17/20, at 15-19.

As a result of the new crimes at 2343-2020, the trial court revoked Appellant's probation in the instant case and re-sentenced Appellant to a term of time served for simple assault, and it imposed new sentences of two years of probation for strangulation and terroristic threats. *Id.* at 33-34. The new probationary sentences for strangulation and terroristic threats were ordered to run concurrently with each other and concurrently to the sentence imposed on the new crimes at 2343-2020. *Id.* at 34-35

While serving his concurrent terms of probation in the instant case, Appellant was convicted of involuntary deviate sexual intercourse (IDSI) with a child at CP-02-CR-0000119-2021 (119-2021) and CP-02-CR-0000120-2021 (120-2021).[3] Convicted Violation Report, 5/20/21, at 2-3. The trial court sentenced Appellant to terms of seven to fourteen years of incarceration followed by four years of probation at both 119-2021 and 120-2021, and the trial court ordered these sentences to run concurrently. *See id.*

Following the convictions for IDSI with a child, the trial court revoked Appellant's probation in the instant case. N.T., 8/31/21, at 11. The trial court resentenced Appellant to a term of one to two years of incarceration for

---

[2] 18 Pa.C.S. §§ 3503(b)(1)(i), and 3304(a)(5), respectively.

[3] 18 Pa.C.S. § 3123(b).

strangulation followed by a consecutive term of one to two years of incarceration for terroristic threats, resulting in an aggregate term of two to four years of incarceration. *Id.* at 15-16. The trial court ordered these revocation sentences to run consecutively to the sentences for involuntary deviate sexual intercourse with a child. *Id.* at 16.

Appellant filed a timely post-sentence motion, which the trial court denied on September 21, 2021. This timely appeal followed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

Did the trial court fail to consider and apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense/violation, and [Appellant's] character and rehabilitative needs, as required by 42 Pa.C.S. §9721(b) (sentencing generally; general standards), thus making [Appellant's] sentence excessive and unreasonable?

Appellant's Brief at 5 (formatting altered).

Appellant's issue implicates the discretionary aspects of his sentence, and we note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute[.]" *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As this Court explained in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Id.** at 170 (formatting altered and citation omitted).

In the instant case, following the revocation of his probation, Appellant filed a timely post-sentence motion, a timely appeal, and has included a Rule 2119(f) statement in his appellate brief. Accordingly, Appellant is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. **See Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010). Therefore, we will proceed to determine whether Appellant has raised a substantial question. **See id.**

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Moury**, 992 A.2d at 170.

In the instant case, Appellant contends that the trial court failed to consider relevant sentencing factors from 42 Pa.C.S. § 9721(b). Appellant's Brief at 15-16. We conclude that Appellant has raised a substantial question for our review. *See Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020) (holding that a claim that the trial court failed to consider sentencing criteria required by 42 Pa.C.S. § 9721(b), including the defendant's rehabilitative needs, presents a substantial question).

Our standard of review is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Starr*, 234 A.3d 755, 760-61 (Pa. Super. 2020) (citation omitted).

> The court shall not impose a sentence of total confinement upon revocation unless it finds that: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

> [Section] 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *See also* Pa.R.Crim.P. 708[(D)(2)] (indicating at the time of

sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

> However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI [report] during the initial sentencing proceedings. ***See*** [***Commonwealth v. Walls***, 926 A.2d 957, 967 n.7 (Pa. 2007)] ("Where [PSI report] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014). Moreover, "our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." ***Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa. Super. 2021) (citation omitted and formatting altered); ***see also*** 42 Pa.C.S. § 9771(b).

Upon review, we find Appellant's argument meritless. The record reveals that the trial court concluded that Appellant had multiple opportunities on probation in this matter and failed to avail himself of those opportunities because he committed new crimes and was non-compliant with the terms of his probation. N.T., 8/31/21, at 10-15. Moreover, the trial court also stated that it reviewed and considered a PSI report prior to imposing sentence. N.T.,

8/31/21, at 10. Because the trial court had the benefit of a PSI report, we conclude that the trial court was familiar with Appellant, his background, and his character, and contrary to Appellant's argument, we may presume that the trial court considered all relevant sentencing factors and weighed those considerations along with mitigating factors. *See Pasture*, 107 A.3d at 28.

After review, we conclude that the trial court aptly stated its consideration of relevant sentencing factors and stated its reasons for the sentence imposed. The record reflects that the trial court reviewed the PSI report prior to sentencing and was aware of Appellant's rehabilitative needs as well as other statutory factors. *See Moury*, 992 A.2d at 171; *Pasture*, 107 A.3d at 28. Accordingly, we discern no abuse of discretion, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2022