J-A19015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTINO SINGLETON | : | |
| | : | |
| Appellant | : | No. 2664 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005908-2018,
CP-51-CR-0007350-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTINO SINGLETON | : | |
| | : | |
| Appellant | : | No. 2665 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-00059082018,
CP-51-CR-0007350-2014

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 13, 2023**

Antino Singleton appeals from the aggregate sentence of twelve to thirty-six months of incarceration, followed by two years of probation, imposed upon his violation of probation ("VOP").  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

In January 2017, Appellant pled guilty to charges filed in 2014 for possession of a controlled substance with intent to deliver ("PWID") and was sentenced to five years of probation ("2014 case"). However, he failed to comply with the conditions of his probation when he did not enroll in court-ordered drug treatment or parenting classes, participate in a mental health evaluation, or pay money toward his court fees.

New PWID charges were filed in 2018 against Appellant on an unrelated matter ("2018 case"). He pled guilty in the 2018 case and was sentenced to six to eighteen months of confinement with immediate parole, followed by one year of probation. The VOP court also revoked Appellant's five-year probation term in the 2014 case and resentenced him to three years of probation, to run concurrent with the one-year probation imposed in the 2018 case.

In 2019, Appellant neglected to report to probation as frequently as required, tested positive for THC in November, and reported to probation for the last time in December. A bench warrant was subsequently issued after Appellant failed to appear at a court hearing. He did not report to probation at all in 2020 or 2021 and absconded from supervision until May 2022, when he was arrested in Philadelphia on new charges.[1]

As a result of the foregoing, the VOP court revoked Appellant's probation. Appellant was sentenced to consecutive sentences of six to

---

[1] Appellant was also arrested in New Jersey in 2021. The charges stemming from his New Jersey arrest were dropped, and he continued to remain in probation absconder status. Appellant's most recent charges had no bearing on the VOP court's determination.

eighteen months of incarceration on both the 2014 and 2018 cases. Each sentence also carried a one-year probationary tail. Appellant's motion to reconsider was denied, and this consolidated, timely appeal followed.[2]

Both Appellant and the VOP court complied with Pa.R.A.P. 1925. Appellant presents the following issues for our review:

A. Did not the [VOP] court violate the requirements of 42 Pa.C.S. § 9771(c) of the Sentencing Code when, after revoking his probation, it sentenced [A]ppellant to a period of total confinement where: 1) he had not been convicted of a new crime; 2) the record did not demonstrate any likelihood that he would commit a new crime if not incarcerated; and 3) incarceration was not essential to vindicate the authority of the court?

B. Was not the [VOP] court's imposition of one to three years [of] state incarceration[,] followed by two years [of] probation for technical violations of probation, manifestly excessive and an abuse of discretion where the court failed to give individualized consideration to [A]ppellant's personal history, rehabilitative needs[,] or background, and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of the [A]ppellant?

C. Did not the [VOP] court err and abuse its discretion by sentencing [A]ppellant to an excessive period of incarceration?

Appellant's brief at 5 (cleaned up).

We begin with the pertinent legal principles. "[I]n reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the

---

[2] This Court granted Appellant's motion to consolidate the two cases.

final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." ***Commonwealth v. Starr***, 234 A.3d 755, 759 (Pa.Super. 2020) (cleaned up). All three of Appellant's issues implicate the discretionary aspects of his VOP sentence. It is well-settled that:

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

***Id***. (cleaned up).

In the instant case, Appellant satisfied the first three requirements by filing a timely notice of appeal, preserving his issues in a motion to reconsider sentence, and including a Rule 2119(f) statement in his brief. As to the fourth prong, "[t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Id***. at 768 (cleaned up). This Court has stated: "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id***. (cleaned up).

- 4 -

Appellant argues that the VOP court imposed a manifestly excessive sentence of total confinement in response to technical violations of his probation and did not consider the factors set forth in § 9771(c).[3] We conclude that his claims raise a substantial question. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super. 2006) (determining that the defendant raised substantial questions where he claimed that his VOP sentence of total confinement was excessive in light of the technical violations at issue and was imposed without discussing the applicable statutory factors).

Therefore, Appellant has successfully invoked this Court's jurisdiction, and we may consider his contentions. It is well-settled that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa.Super. 2003). Moreover, "[a]n abuse of discretion is more than a mere error of judgment;

_____

[3] That provision states as follows:

The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1)  the defendant has been convicted of another crime; or

(2)  the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)  such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

- 5 -

thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will." ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007). Our Supreme Court has explained that sentencing following revocation of probation

> is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by [the] requirement that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.
>
> Upon revoking probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3) such a sentence is essential to vindicate the authority of the court.

*Commonwealth v. Pasture*, 107 A.3d 21, 27–28 (Pa. 2014) (cleaned up).

Appellant first argues that the sentencing court violated § 9771(c). Particularly, Appellant avers that the VOP court sentenced him to total confinement for mere technical violations of his probation, which was improper because he was not convicted of another crime, his behavior does not indicate a likelihood of committing another crime if he is not imprisoned, and his sentence is not necessary to vindicate the authority of the court. *See* Appellant's brief at 20. Therefore, Appellant contends that incarceration was impermissible. *See id*. at 22.

In sentencing Appellant to total confinement, the VOP court stated that imprisonment was warranted because of Appellant's "willful noncompliance and failure to report." VOP Court Opinion, 1/5/23, at 7. The court continued:

> Appellant incurred numerous violations while on probation, including failed drug tests, exceeding the jurisdictional limitations of probation, and an especially prolonged period of absconding from his reporting responsibilities. Though these violations are technical in nature, they are sufficiently flagrant and indicate an inability to reform. As such, the [c]ourt was justified in its imposition of an incarceration sentence to vindicate [its] authority, as well as attend to Appellant's rehabilitative needs, since he has shown himself unable to reform otherwise.

*Id*. at 10 (cleaned up).

We discern no abuse of discretion. The VOP court's accurate recitation of Appellant's numerous violations of his probation establishes that probation has not proven to be an effective vehicle to accomplish his rehabilitation. While on probation, Appellant tested positive for THC, was arrested for new

- 7 -

charges, failed to appear for court hearings, neglected to consistently report to supervision, and even absconded from supervision for more than two years. Appellant's actions plainly demonstrate a "lack of willingness to comply with . . . multiple court orders." ***Commonwealth v. McAfee***, 849 A.2d 270, 277 (Pa.Super. 2004).[4]   Accordingly, because of the number of Appellant's violations and his lack of compliance with court orders, the VOP court did not abuse its discretion in determining that confinement was proper to "vindicate the authority of the court." 42 Pa.C.S. § 9771(c). Therefore, Appellant is not entitled to relief on this basis.

We next turn to the second and third issues raised by Appellant, in which he alleges that the VOP court abused its discretion by imposing an excessive sentence. Specifically, Appellant contends that the sentence violated the norms underlying the sentencing process, was manifestly excessive, and the court failed to consider his personal history, rehabilitative needs, or background. ***See*** Appellant's brief at 25, 28.

---

[4] For support of his claim, Appellant relies on ***Commonwealth v. Cottle***, 426 A.2d 598 (Pa. 1981). In ***Cottle***, our Supreme Court reversed a maximum sentence of total confinement for a technical violation of probation. However, unlike the High Court in ***Cottle***, we cannot say that Appellant accomplished "that which the probation was designed to achieve." ***Id***. at 601. Appellant's conduct and disregard for his probation orders far surpasses that of the defendant in ***Cottle***, as Appellant took no material steps toward following court-ordered rehabilitation orders and absconded from supervision. We find Appellant's circumstances more akin to those in ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa.Super. 2016), (stating that Finnecy's "repeated misconduct and inability to reform" justified a vindication of the court's authority through incarceration).

The VOP court was aware of the reasons that Appellant proffered for why he should not be confined, such as the birth of his son and past trauma. *See* N.T. VOP Sentencing, 9/19/22, at 16. Moreover, the court highlighted how it had given Appellant a chance to reform in sentencing him to immediate parole and probation in the 2018 case. *See id*. at 14. As the VOP court stressed, Appellant did not report to probation for over two years and, therefore, had not followed court orders in the past. *See id*. at 14-15. Appellant's ongoing absence from reporting clearly demonstrated that probation is "an ineffective vehicle to accomplish rehabilitation." VOP Court Opinion, 1/5/23, at 8 (cleaned up).[5]

Consequently, for the foregoing reasons, Appellant's sentence is not violative of the Sentencing Code nor the fundamental norms underlying the sentencing process. Appellant has not shown that "that the [VOP] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014). Therefore, he is entitled to no relief from this Court.

---

[5] Furthermore, the VOP court noted that it sentenced Appellant within the statutory limits. *See* N.T. VOP Court Opinion, 1/5/23, at 8-9. Although sentencing guidelines do not apply to sentences imposed as a result of probation revocations, *see Commonwealth v. Pasture*, 107 A.3d 21, 27–28 (Pa. 2014), we note that the sentence imposed on Appellant would have fallen well within the sentencing guidelines. Thus, we cannot conclude that such a sentence was an abuse of discretion under these circumstances.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/13/2023