J-A18045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KENNETH ANDREW RITCHEY | : | |
| Appellant | : | No. 180 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Venango County
Criminal Division at CP-61-CR-0000543-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KENNETH ANDREW RITCHEY | : | |
| Appellant | : | No. 181 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Venango County
Criminal Division at CP-61-CR-0000241-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KENNETH ANDREW RITCHEY | : | |
| Appellant | : | No. 182 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Venango County
Criminal Division at CP-61-CR-0000406-2022

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED: September 5, 2024**

Kenneth Andrew Ritchey (Appellant) appeals from the judgments of sentence imposed at three dockets after he pled guilty to defiant trespass[1] at CP-61-CR-0000543-2023 (#543-2023), and the trial court revoked his probation, for the third time, at CP-61-CR-0000241-2020 (#241-2020).  We affirm.

Procedural History

When Appellant pled guilty to defiant trespass at #543-2023, he was also on parole at CP-61-CR-0000406-2022 (#406-2022), in addition to being on probation at #241-2020.  *See* N.T., 11/14/23, at 8.  The three dockets are summarized below:

**#241-2020**

On September 4, 2020, Appellant pled guilty to theft by unlawful taking, 18 Pa.C.S. § 3921(a); on October 19, 2020, the trial court sentenced him to 5 years of probation.  On September 30, 2021, the trial court revoked Appellant's probation for the first time, "due to technical violations of the terms of his supervision and new criminal charges." Trial Court Opinion (TCO), 3/12/24, at 1.  On November 29, 2021, the trial court re-sentenced Appellant to 5 years of probation.  On July 19, 2022, the trial court revoked Appellant's probation for the second time; on June 23, 2023, the trial court re-sentenced Appellant to 2 years of probation.

---

[1] 18 Pa.C.S. § 3503(b)(1).

**#406-2022**

On May 8, 2023, a jury convicted Appellant of resisting arrest (18 Pa.C.S. § 5104), flight to avoid apprehension (18 Pa.C.S. § 5126), theft by unlawful taking (18 Pa.C.S. § 3921), and intentionally receiving, retaining or disposing of a grave marker (18 Pa.C.S. § 5509). On June 23, 2023, the trial court sentenced Appellant to an aggregate 9 to 24 months less 1 day, but granted Appellant parole on July 17, 2023.

**#543-2023**

On November 14, 2023, Appellant pled guilty to defiant trespass. The trial court observed that "the new criminal conviction results in a violation of [Appellant's] probation at [#]241-2020 and a violation of [Appellant's] parole at [#]406-2022." Order, 11/14/23, at 1.

<u>January 12, 2024 Order</u>

Appellant appeals from the January 12, 2024 sentencing order which imposed concurrent sentences on the three dockets. At #543-2023, the trial court sentenced Appellant to one year of probation for defiant trespass; at #406–2022, the court remanded Appellant to serve the balance of his sentence, but immediately re-paroled him; and at #241-2020, the trial court revoked Appellant's probation, for the third time, and re-sentenced him to 2 to 5 years of incarceration. *See* Order, 1/12/24, at 1-3.

Appellant filed a timely post-sentence motion, which the trial court denied on January 26, 2024. On February 2, 2024, Appellant timely appealed

at each docket. The trial court and Appellant have complied with Pa.R.A.P. 1925. On March 12, 2024, this Court consolidated the appeals *sua sponte*.

In his sole issue, Appellant asserts:

THE SENTENCE IN THE CASE WAS MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE CONSIDERING THE FACT THAT [APPELLANT] HAS MENTAL HEALTH ISSUES THAT CONTRIBUTED TO HIS ACTIONS.

Appellant's Brief at 2.

Appellant challenges the discretionary aspects of his sentence. An appellant wishing to appeal the discretionary aspects of his sentence "has no absolute right to do so but, rather, must petition this Court for permission." *Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020) (citation omitted). We determine if we have jurisdiction by examining:

(1) whether [the] appellant filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*See Commonwealth v. Banniger*, 303 A.3d 1085, 1096 (Pa. Super. 2023) (citation omitted).

Appellant has timely appealed, filed a post-sentence motion preserving his sentencing claim, and included in his brief a concise statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 3-4. In addition, Appellant presents a substantial question. *See Banniger*, 303 A.3d at 1096 (reiterating that "an excessive sentence claim—in

conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citations omitted). Thus, we address Appellant's sentencing claim.

Appellant contends his sentence of 2 to 5 years of incarceration at #241-2020 is "manifestly excessive and clearly unreasonable in that [Appellant] was sentenced to a state sentence rather than a county sentence or a community sentence such as probation, considering the nature of the violation that caused the revocation of his prior sentence." Concise Statement of Errors, 3/7/24, at 2. He emphasizes that his "new violation was for [d]efiant [t]respass (going into a business when he was verbally told he was not to go back there) and a technical violation of failure to report while under supervision." Appellant's Brief at 6. According to Appellant, "a county sentence or a sentence of probation could have served the purposes of rehabilitation and the needs of the community." *Id.*

In reviewing Appellant's argument, we recognize:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Starr*, 234 A.3d at 760-61 (citation omitted).

"In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation

of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."  42 Pa.C.S. § 9721(b). The sentence "should call for total confinement that is consistent with … the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.*

When the trial court sentenced Appellant on January 12, 2024, the Sentencing Code set forth the following provisions for revoking probation:

> **(b) Revocation.--**The court may … revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.  …
>
> **(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.
>
> **(d) Hearing required.--**There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation.  Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S. § 9771.[2]

Appellant contends that confinement is "clearly unreasonable due to the nature of the most recent crime[, defiant trespass,] that caused him to receive a state prison sentence." Appellant's Brief at 6. He argues:

> [A] county sentence or a sentence of probation could have served the purposes of rehabilitation and the needs of the community.
>
> The only "reasons" given by the sentencing judge … for his sentences [were] as follows: "Court is imposing Total Confinement because [Appellant] has been convicted of a new criminal offense and has been repeatedly and significantly violated [*sic*] conditions of supervision. Conduct of [Appellant] indicates that he will [offend] again, for the nth time, if not in p[ri]son. The sentence of imprisonment would depreciate the seriousness of the offense." (Sentencing Transcript, [1/12/24,] at 18). This discussion does not reflect that the sentencing judge took note of the specific act [Appellant] engaged in or his mental health issues.

*Id.*

To the contrary, the Commonwealth states that Appellant "was sentenced appropriately." Commonwealth's Brief at 1. The Commonwealth emphasizes that Appellant's supervision "had been revoked *three* separate times on [#]241-2020 alone, each time receiving measured and proportional penalties." *Id.* (emphasis in original). We agree.

This Court "must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance

---

[2] The statute has been amended to, *inter alia*, remove Section 9771(c)(3), which permitted the imposition of total confinement "to vindicate the authority of the court." Here, the trial court sentenced Appellant prior to the amendment becoming effective on June 11, 2024.

or indifference, and the overall effect and nature of the crime." **See Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa. Super. 1999) (citation omitted). Here, the trial court was provided with a pre-sentence investigation (PSI) report. N.T., 1/12/24, at 7. It is well-settled that "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).

At the sentencing hearing, the Commonwealth explained that Appellant's prior record score was 5, based on

a [s]imple [a]ssault [m]isdemeanor in 2003, [r]eceiving [s]tolen [p]roperty, [f]elony 2 … [e]ndangering the [w]elfare/[c]rime [i]nvolving a [c]hild, … [m]isdemeanor 3 in 2019, for [d]isorderly [c]onduct, another [m]isdemeanor, [t]heft by [u]nlawful [t]aking in 2020, [d]isorderly [c]onduct in 2021, and then the [] case in 2022, those counts were consecutive to each other….

N.T., 1/12/24, at 8.

The Commonwealth further advised the trial court:

I know that this [c]ourt is familiar with [Appellant] because [the court presided] at [Appellant's s]entencing [] in 2020 [and] 2016[.] … [W]hat jumps out to me, Judge, in these multiple cases[,] … there's never a period, or should I say a substantial period where there aren't violations. And the violations are [] numerous. It's new crimes, there is concern with drug use, there[ are unmet] reporting requirements. And I say all this in the context [of Appellant's] mental health problems. We've addressed that at sentencing before, and we addressed it last time at sentencing…. I'm put in a very tough position here and I'm trying to make a recommendation that makes sense with [Appellant], but Judge, I feel like at this point in time, it's become abundantly clear that since 2016, supervision isn't doing much. So my

recommendation, specifically, however the court ends up constructing it, I'm going to make a recommendation [for state confinement]. Hopefully, [Appellant] can get more substantial mental health treatment as well as drug treatment. I just can't justify, after looking at all three of these cases and the types of violations, some kind of county sentence again. Especially because he's done a max county sentence before and that wasn't effective. So my recommendation will be the State Drug Treatment Program and I will on the record, waive any of the impediments to get there, if it's something that he's interested in.

*Id.* at 9-10.

The trial court agreed with the Commonwealth's recommendation, stating on the record that it was "imposing total confinement because [Appellant] has been convicted of a new criminal offense and has repeatedly and significantly violated conditions of supervision. The conduct of [Appellant] indicates he will [offend] again[,] for the $n^{th}$ time[,] if [he is] not in prison." N.T., 1/12/24, at 18. The record supports the court's conclusion. A sentencing court "need not undertake a lengthy discourse for its reasons for imposing a sentence" so long as the reasons "reflect the judge's consideration of the sentencing code, the circumstances of the offense and the character of the offender." *Commonwealth v. Flowers*, 149 A.3d 867, 876 (Pa. Super. 2016) (citations omitted). Moreover, "since [Appellant] has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014). Accordingly, the trial court did not abuse its sentencing discretion.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/5/2024