J-A02043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                             :
                      v.                        :
                                             :
SHAKIR JOHNSON                    :
                                             :
                  Appellant             :   No. 39 MDA 2023

Appeal from the Judgment of Sentence Entered July 13, 2022
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000903-2017

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED: SEPTEMBER 5, 2024**

Shakir Johnson ("Johnson") appeals *nunc pro tunc* from the judgment of sentence imposed after the trial court revoked his probation. We affirm.

We summarize factual and procedural history of this matter from the record. In 2017, Johnson entered a *nolo contendere* plea to one count of simple assault, graded as a first-degree misdemeanor, after admitting the Commonwealth's evidence would show he shook, sat on, and/or struck an eight-month-old child. *See* N.T., 6/9/17, at 4.[1] At sentencing in August 2017, the trial court determined Johnson had engaged in a course of conduct to harm the child, and imposed an aggravated-range term of one to three years

_____

[1] The Commonwealth had charged Johnson with two counts of aggravated assault, endangering the welfare of a child, and recklessly endangering another person. There was a plea agreement as to the charges, but no agreement as to sentencing.

of imprisonment, followed by a consecutive term of two years of special probation. *See* N.T., 8/28/17, at 3-4.

In October 2021, a detainer for a violation of special probation issued, citing Johnson's arrests on new charges. The trial court subsequently found that the new charges were either dismissed or reduced to a summary offense, lifted the detainer, and ordered Johnson continue on special probation. *See* Order, 11/30/21, at 1. On June 17, 2022, the trial court again found Johnson in violation of his special probation, but ordered him to continue serving the balance of the original probationary sentence. *See* Order, 6/17/22, at 1. It appears that Johnson violated his probation by absconding and hiding at his paramour's residence. *See* N.T., 7/13/22, at 2-3 (describing an incident where Johnson absconded and probation officers found Johnson hiding at his paramour's residence or a nearby residence).

Another detainer issued shortly thereafter and alleged Johnson again violated his special probation by being at his paramour's residence. *See* Detainer Order, 6/28/22, at 1; N.T., 7/13/22, at 2-3.[2] At the revocation

---

[2] We note the trial court referred to parole in sentencing order and its opinion. *See* Order, 7/13/22, at 1 (indicating that the "original probation/parole" had been revoked); Trial Court Opinion, 7/20/23, at 2 (referring to "parole conditions"). However, Johnson's original three-year maximum term of imprisonment imposed in August 2017 would have ended not later than before August 2020. *See* Order, 8/28/17, at 1. Therefore, the instant violation in June 2022 would have occurred the probationary portion of the original sentence, not a period of parole, and we discern no issue with an anticipatory revocation of probation. *See Commonwealth v. Rosario*, 294 A.3d 338, 356 (Pa. 2023) (holding that "the anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law").

hearing, Johnson stipulated to his most recent violation, but he explained he was only at the residence to pick up his clothes before his paramour's eviction. **See** N.T., 7/13/22, at 3-4. The trial court, after asking Johnson why he did not explain himself to the probation officers, revoked the probationary sentence, and immediately resentenced Johnson to twelve to twenty-four months of imprisonment with credit for time served. **See id**. at 4-5;[3] Order, 12/13/22, at 1.

Johnson filed an untimely motion to modify the sentence, and did not file a direct appeal. Johnson then filed a timely Post Conviction Relief Act ("PCRA") petition,[4] and the court reinstated Johnson's post-sentence and direct appeal rights. **See** Order, 12/6/22, at 1. Johnson filed a motion to modify the sentence and an appeal *nunc pro tunc*. The trial court subsequently granted additional credit for time served but otherwise denied

_____

[3] The trial court failed to enter any statement or explanation before imposing the sentence following revocation. **See** N.T., 7/13/22, at 2-3. However, a claim that the trial court failed to state the reasons for its sentence is a waivable claim, **see Commonwealth v. Bullock**, 948 A.2d 818, 826 (Pa. Super. 2008), and Johnson did not object or raise this issue in any post-sentence motion to modify the sentence. Therefore, we will not consider the absence of a statement upon sentencing as a basis for relief. We add that the absence of the trial court's statement does not impact the resolution of Johnson's claims in this appeal.

[4] **See** 42 Pa.C.S.A. §§ 9541-9546.

the motion to modify the sentence. *See* Order, 1/11/23, at 1. Both Johnson and the trial court have complied with Pa.R.A.P. 1925.[5]

Johnson raises the following issue for our review:

> Whether . . . [the] sentence of twelve (12) to twenty-four (24) months following a revocation of probation was manifestly unreasonable and contrary to 42 Pa.C.S.A. § 9771(c)'s prohibition against total confinement where it is not essential to vindicate the authority of the court.

Johnson's Brief at 4.

Our standard of review for probation revocations is as follows:

> When considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.
>
> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

_____

[5] Johnson's Rule 1925(b) statement asserted three issues, two of which he abandoned in this appeal. **Compare** Rule 1925(b) Statement, 5/10/23, at 1 **with** Johnson's Brief at 4; **see also** Pa.R.A.P. 2116(a), 2119(a); **Commonwealth v. McGill**, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned a claim on appeal). Johnson's third issue stated: "Whether the sentence imposed was excessively harsh and a manifest abuse of discretion." Rule 1925(b) Statement, 5/10/23, at 1.

Johnson's Rule 1925(b) statement was facially untimely; however, the trial court appointed Johnson new appellate counsel after prior counsel filed the notice of appeal *nunc pro tunc*. New counsel timely requested an extension of time to file the statement and thereafter filed the statement within the time provided by the court.

***Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa. Super. 2021) (internal citation omitted).

Section 9771 of the Sentencing Code authorizes the trial court to resentence a probation violator to total confinement only if: (1) the defendant has been convicted of another crime; (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. ***See*** 42 Pa.C.S.A. § 9771(c) (subsequently amended). When imposing a sentence of total confinement, the trial court must also consider the principle in section 9721(b) that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1038, 1040-1042 (Pa. Super. 2013) (*en banc*) (internal citation and quotation marks omitted).

It is well settled that:

An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial

question that the sentence is inappropriate under the Sentencing Code.

***Commonwealth v. Starr***, 234 A.3d 755, 759 (Pa. Super. 2020) (internal citation and quotation marks omitted).

Here, Johnson has properly appealed and filed a motion to modify the sentence *nunc pro tunc*. In the motion to modify the sentence, he requested a reduced sentence of county imprisonment or intermediate punishment, arguing: (1) the one-to-two-year sentence was unduly harsh in light of the violation; (2) he was making "great strides" utilizing a prison program; and (3) he was not deserving of the possibility of serving the maximum term of incarceration for his misdemeanor offense when he already served an aggravated-range term of imprisonment. Post-Sentence Motion, 12/16/22, at 2-3. Johnson has also included in his brief a Rule 2119(f) statement in which he contends: (1) this appeal raises a substantial question because "his conduct did not indicate imprisonment was required to prevent him from committing another crime and less harsh options which would adequately vindicate the authority of the court;" and (2) the sentence was harsh and manifestly unreasonable because the violation was relatively minor, his criminal history was minimal, and he had already served the one-to-three-year term of imprisonment originally ordered by the trial court. Johnson's Brief at 9.

Following our review, we conclude Johnson waived his issue that, pursuant to 42 Pa.C.S.A. § 9771(c), his most recent technical violation did not merit the imposition of a sentence of total confinement. Johnson failed to

raise this issue in his motion to modify the sentence or his Rule 1925(b) statement. Therefore, Johnson did not preserve this issue for review, and we will not address it. **See Commonwealth v. Schutzues**, 54 A.3d 86, 98 (Pa. Super. 2012).

Johnson's motion to modify, Rule 1925(b) statement, and Rule 2119(f) statement, did preserve his issue that the sentence was unduly harsh and manifestly unreasonable under the circumstances of this case. **See** Post-Sentence Motion, 12/16/22, at 2-3; Rule 1925(b) Statement, 5/10/23, at 1; Johnson's Brief at 9. This issue raises a substantial question. **See Schutzues**, 54 A.3d at 98 ("An argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question" (internal citation omitted)). Accordingly, we address the merits of this issue.

> Our standard of review is as follows:
>
> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Colon**, 102 A.3d 1033, 1043 (Pa. Super. 2014) (internal citation omitted). This Court does not reweigh sentencing factors, nor will we impose judgment in place of the sentencing court where the court was aware of the information related to those factors. **See Commonwealth v. Lawrence**, 313 A.3d 265, 286 (Pa. Super. 2024).

- 7 -

As noted above, Johnson explains the violation at issue, *i.e.*, being present at his paramour's residence to pick up clothes, as a minor technical violation for which he had a reasonable explanation. **See** Johnson's Brief at 13-14. He contends the trial court abused its discretion by requiring him to serve time in prison at or near the statutory maximum for the underlying simple assault conviction. **See id**. at 14.

The trial court, in its Rule 1925(a) opinion, responds that nothing in the record suggests it failed to consider the relevant sentencing factors or imposed a harsh sentence. **See** Trial Court Opinion, 7/20/23, at 6. The court emphasizes Johnson accepted and understood the term prohibiting his presence at his paramour's residence but violated a condition of probation less than week after a prior violation. **See id**. at 7.

We conclude Johnson's arguments merit no relief. Although Johnson focuses on his own explanation for why he violated a term of his probation, the trial court had no obligation to weigh or credit the explanation, particularly, where the court heard testimony that Johnson was arrested for the violation while sitting on the porch of the residence. **See** N.T., 7/13/22, at 4-5; **Lawrence**, 313 A.3d at 286. Moreover, he ignores the fact that shortly before the current violation, the court previously found him in violation due to his presence at the residence but continued his probationary term. **See** N.T, 7/13/22, at 2-3. Lastly, with respect to the underlying crime of simple assault, graded as a first-degree misdemeanor, Johnson ignores the fact that the trial court had previously determined he had engaged in a course of conduct to

harm the then eight-month-old child. The facts that Johnson previously served an aggravated-range sentence, or that the underlying crime was graded as a first-degree misdemeanor, do not demonstrate that the instant sentence following revocation was unreasonable.

In sum, having reviewed the record and Johnson's arguments, we conclude Johnson presents no basis to find a manifest abuse of discretion. Therefore, his challenge to the harshness of the sentence fails.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/5/2024