J-S15030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :           PENNSYLVANIA
      :
      v.                :
      :
      :
LEONARD BERTON II             :
      :
      Appellants       :    No. 1183 WDA 2024

Appeal from the Judgment of Sentence Entered March 25, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014825-2007

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:           **FILED:  June 24, 2025**

Leonard Berton II ("Berton") appeals from the judgment of sentence imposed after he violated his probation for convictions of one count of unlawful contact with a minor, one count of corruption of minors, two counts of rape, four counts of indecent assault, four counts of aggravated indecent assault, four counts of involuntary deviate sexual assault, four counts of sexual assault, five counts of statutory sexual assault, and one count of criminal use of a communication facility.[1]  We affirm.[2]

———————————————————————

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 6318, 6301, 3121, 3126, 3125, 3123, 3124.1, 3122.1, 7512.

[2] We note that caption on Berton's brief provides the wrong bill and term numbers and, as a result, purports to appeal from a closed case rather than his re-sentencing for a direct probation violation.  Because Berton's notice of appeal states the correct bill and term number, we decline to quash this appeal on that basis.

Berton challenges the sentence imposed following his violation of probation, which necessarily requires us to have regard for "the nature and circumstances of the offense and the history and characteristics of the defendant." 42 Pa.C.S.A. § 9781(d)(1). Berton nevertheless fails to ensure the presence in the certified record of the transcript of his guilty plea for his offenses or a summary of the facts of those offenses, to enable this Court to assess the factors identified in 42 Pa.C.S.A. § 9781(d)(1).[3] We accordingly summarize the probable cause affidavit accompanying the criminal complaint relating to the nature and circumstances of Berton's offenses.

In or around August 2007, twenty-one-year-old Berton met the fifteen-year-old victim through her fifteen-year-old friend with whom he had been having sexual intercourse. Berton began "dating" the victim and had sexual relations with her on a least five different days in quick succession. On the first occasion, they had intercourse twice at the victim's mother's home. The next day, Berton had intercourse with the victim multiple times. Twice they had vaginal intercourse. The third time, following cunnilingus to which the victim consented, Berton forced her to fellate him, and anally raped her. After they watched a movie, they had vaginal intercourse and cunnilingus, to which

---

[3] We remind Berton he bears the burden as the appellant to ensure that all documents necessary to the determination of his appeal are in the certified record on appeal. *See* Pa.R.A.P. 1931; ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*).

the victim consented, but Berton then forced the victim to fellate him and anally raped her.

The next day, Berton twice had vaginal sex and cunnilingus, to which the victim consented. He then forced her to give him fellatio and anally raped her. He left but returned later that night and had vaginal intercourse and cunnilingus to which the victim consented but forced her to fellate him and anally raped her.

Two days later, Berton had vaginal intercourse with the victim in her mother's home and anally raped her. Four days later, Berton had vaginal intercourse with the victim and cunnilingus, to which she consented, but forced her to fellate him and anally raped her.

On June 16, 2008, Berton pled guilty to the above-listed crimes. The court imposed a sentence of six to twelve years of incarceration and ten years of probation. In June 2022, while on probation for this case, Berton was arrested and convicted of corruption of minors, indecent assault – forcible compulsion involving a minor for his sexual assaults of his minor stepdaughter and sentenced to two to four years of imprisonment followed by three years of probation.[4] *See* Trial Court Opinion, 10/21/24, at 1-2.

_____

[4] Berton failed to ensure the presence of this transcript in the certified record. The only facts this Court can glean about the offense is that Berton sexually abused his stepdaughter.

In March 2024, Berton appeared for sentencing on his direct violation of probation. The court[5] noted Berton had sexually abused his stepdaughter when he was thirty-five or thirty-six years old while on probation for sexually abusing the fifteen-year-old girl in the underlying case. At the hearing, the court heard a letter from Berton's mother-in-law stating he has a "heart of gold," experienced child abuse, and is repentant, **see** N.T., 3/24/24, at 5-7, a letter from his sister-in-law about his good character, **see id**. at 7-8, his father-in-law's testimony about Berton's difficult childhood, **see id**. at 8-10, and Berton's wife's testimony that he has changed since his incarceration, **see id**. at 11-12. The extent of Berton's expressed remorse for his crimes against his stepdaughter was his assertion, "I would like to say that I'm sorry for what I did." Berton then asked for what he erroneously referred to, given his two prior offenses, as a "second" chance; he also asserted his need to continue receiving therapy. **See id**. at 12-13.

The court noted that Berton had committed the same conduct for which he had been incarcerated. Counsel responded that at the time of Berton's 2008 plea in the underlying case, he did not have a biological child but now did. **See id**. at 13-14. The court observed that the fact Berton had a child did not prevent him from sexually abusing his stepdaughter, in direct violation of his probation. **See id**. at 15-17. Berton's probation officer additionally

---

[5] The trial judge was no longer on the bench, so a different judge conducted the hearing on Berton's probation revocation case.

informed the court Berton committed the abuse while he was receiving treatment. *See id*. at 17.

The court imposed a term of eighteen-to-thirty-six months of imprisonment for the probation violation, consecutive to Berton's sentence for sexually abusing his stepdaughter, and five years of consecutive probation. *See id*. at 19. The court expressed its hope Berton would get the help he needed, its concern for his daughter's safety, and its concern for the possibility of re-offense. *See id*. at 20-21.

Berton filed a notice of appeal *pro se*. The court appointed instant counsel and reinstated Berton's post-sentence motion rights. Instant counsel filed post-sentence motions, which the court denied. Berton appealed and he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Berton raises the following issue for our review:

[] Whether the revocation court abused its discretion in imposing a sentence of 18-[36] months' imprisonment, followed by five years' probation, where it failed to consider [] Berton's rehabilitative needs as required by 42 Pa.C.S.A. § 9725 and 42 Pa.C.S.A. § 9721(b).

Berton's Brief at 6.

Our standard of review for sentences following revocation of probation is as follows:

When considering an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

**Commonwealth v. Parson**, 259 A.3d 1012, 1019 (Pa. Super. 2021) (internal citation and quotation marks omitted).

Regarding a challenge to the discretionary aspects of a probation-revocation sentence, we have stated:

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by establishing that (1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

**Commonwealth v. Starr**, 234 A.3d 755, 759 (Pa. Super. 2020) (internal citations and quotations omitted). As noted above, Berton timely appealed. He preserved his challenge in a timely post-sentence motion and included a Rule 2119(f) statement in his brief. Berton further asserts the court's sentence was manifestly unreasonable and failed to consider his rehabilitative needs. See Berton's Brief at 19. Thus, Berton presents a substantial question, **see Commonwealth v. Pisarchuk**, 306 A.3d 872, 879 (Pa. Super. 2023).

Finally, Berton preserved his claim in his post-sentence motion. Therefore, we have jurisdiction to review his claim.

Our standard of review of a discretionary sentence is as follows:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Colon**, 102 A.3d 1033, 1043 (Pa. Super. 2014). Upon revocation, the sentencing alternatives available to the VOP court shall be the same as were available at the time of initial sentencing. **See Starr**, 234 A.3d at 761. Further, the rules concerning sentencing for a probation revocation differ significantly from those at the initial sentencing proceeding:

the sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin [its] discretionary sentencing authority properly are involved and play a crucial role.

However, ***it is a different matter when a defendant reappears before the court following the violation of the mercy bestowed on him in the form of a probationary sentence***. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, the revocation court is not cabined by [42 Pa.C.S.A. §] 9721(b)'s requirement that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

*See Commonwealth v. Peiffer*, 329 A.3d 658 at *7 (Pa. Super. 2024) (unpublished memorandum) (citation omitted) (emphasis added).[6] *See also* 204 Pa. Code §303.1(b) (providing the Sentencing Guidelines are not applicable to sentences following the revocation of probation). Following revocation, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and the character of the offender." *See Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Berton claims the court was required to consider the factors set forth in 42 Pa.C.S.A. § 9721(b) but instead focused exclusively on the seriousness of his crime and did not note the positive statements of his family members at the sentencing hearing. *See* Berton's Brief at 21-25.

The sentencing court states it learned from witnesses Berton was hard-working, had a difficult upbring, and had connections with his wife's family. *See* Trial Court Opinion, 10/21/24, at 5. The court found, however, that Berton's rehabilitative needs were outweighed by the need to protect the public, the gravity of Berton's offenses, and the impact of Berton's conduct on the victim's life and that of the community – which are factors stated *in the same sentence* of Section 9821(b) addressing a defendant's rehabilitative

---

[6] *See* Pa.R.A.P. 126(b) (stating that unpublished memoranda filed by this Court after May 1, 2019, may be cited for their persuasive value).

needs. The court further noted Berton has multiple convictions for child sex offenses and sexually abused his stepdaughter while he was on supervision and in active therapy. *See id*.

Upon review of the record, the trial court did not abuse its discretion in re-sentencing. That Berton is unhappy that the court gave greater weight to the seriousness of his repeated sexual abuse of children than to his rehabilitative and therapeutic needs was not an abuse of discretion, particularly because after serving a lengthy sentence for sexually abusing a child, Berton sexually abused his stepdaughter while receiving therapy. *See Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017 (declaring a court does not abuse its sentencing discretion when it considers the relevant sentencing factors but weighs them in a manner inconsistent with the appellant's wishes). Thus, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/24/2025

- 9 -